UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| LAKEISHA Y. DUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 22-039-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| HON. DAVID S. MARTIN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Lakeisha Y. Dudley is a resident of Florence, Kentucky. Proceeding without a lawyer, Dudley filed a civil rights Complaint, asserting allegations and claims related to attempts to evict her from property where she is residing. [Record No. 1] Dudley also filed a motion for leave to proceed *in forma pauperis*. [Record No. 2] The financial information Dudley has provided indicates that she lacks enough assets or income to pay the filing and administrative fees in this case. Therefore, the Court will grant Dudley's fee motion and allow her to proceed as a pauper.

The Court has also conducted an initial screening of Dudley's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and will dismiss it without prejudice. As presently drafted, Dudley's Complaint fails to state a claim upon which relief may be granted against any of the listed defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). While Dudley is complaining about recent state court eviction proceedings, and is asserting claims against individuals and entities involved in that matter, she does not clearly link her factual allegations to any of the named defendants. Instead, she simply accuses multiple individuals, including an attorney and a state court judge, of "com[ing] up with a scam to . . . steal government funds," without supporting her claim with sufficient factual allegations. [Record No. 1 at 2-3] In other words, Dudley does not "explain specifically what

each defendant did or failed to do" to cause her harm, as directed by the Court-approved complaint form she has completed. [*See id.* at 2.] In short, Dudley's current Complaint simply fails to state a claim upon which relief may be granted against any of the listed defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal without prejudice is also warranted because Dudley's Complaint appears to be an improper attempt to collaterally attack an ongoing state court action. The documents attached to Dudley's pleading and publicly-available state court records indicate that the Boone County District Court entered a forcible detainer judgment against her in December of 2021. [*See* Record No. 1-1 at 2.] Dudley then appealed that matter to the Boone County Circuit Court, but that court dismissed her appeal on March 8, 2022. *See Lakeisha Comer v. Spartan Villas, LLC*, No. 2021-xx-00015 (Boone Cir. Ct. 2022), https://kcoj.kycourts.net/CourtNet (last accessed March 24, 2022). It is not clear whether Dudley has filed a motion for discretionary review with the Kentucky Court of Appeals. *See Meinshausen v. Friendship House of Louisville, Inc.*, 607 S.W.3d 199, 202 (Ky. Ct. App. 2020) (explaining that, under Kentucky law, an individual can seek discretionary review of a county circuit court's order affirming a district court's forcible detainer judgment). Either way, this Court does not hear appeals from state trial courts. Rather, as explained in a similar matter, the litigant's remedy is to appeal to a state appellate court. *See Earley v. Tabor*, No. 6:20-cv-033-JMH, 2020 WL 1079298, at *1 (E.D. Ky. March 6, 2020). Consistent with the decision in *Earley*, the Court will abstain from interfering in the state eviction matter and will instead dismiss this action without prejudice. Accordingly, it is hereby

**ORDERED** as follows:

1. Dudley's motion for leave to proceed *in forma pauperis* [Record No. 2] is **GRANTED** and payment of the filing and administrative fees in this case is **WAIVED**.

2. Dudley's Complaint [Record No. 1] is **DISMISSED** without prejudice.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: March 24, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky